U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed April 15, 2009                      United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | CHAPTER: 7 |
| FORT WORTH OSTEOPATHIC HOSPITAL, INC., | § § | CASE NO.: 05-41513-DML |
| Debtor. | § § | |
| ESTATE OF JOHNNY FISHER, DEC'D, | § § | ADVERSARY NO.: 08-04168-DML |
| Plaintiff, | § § | |
| V. | § § | |
| JPMORGAN CHASE BANK, N.A., ET AL., | § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION**
**[Relates to Dkt No. 6]**

Before the court is the *Motion to Remand* (the "Motion") filed by Estate of Johnny Fisher, Deceased ("Plaintiff"). The Motion urges that the court abstain from considering this

adversary proceeding (the "Adversary") and remand the Adversary back to state court. The court held a hearing on the Motion on February 18, 2009 (the "Hearing") at which time the court heard argument from Plaintiff and from defendant JPMorgan Chase Bank, N.A. ("Defendant" or "JPMorgan").

The court exercises jurisdiction in this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(1). This memorandum opinion embodies the court's findings and conclusions. Fed. R. Bankr. P. 7052.

## I. Background

Before the court is a jurisdictional challenge by Plaintiff following removal of a state court action by Defendant involving only acknowledged non-debtor parties. In the Motion Plaintiff argues that the Adversary does not arise under title 11, or arise in or relate to the underlying chapter 7 bankruptcy case. JPMorgan asserts in support of retention by the court of the Adversary that the claims raised in the Adversary are sufficiently related to the underlying bankruptcy case to support jurisdiction. In the alternative, JPMorgan asserts that diversity of citizenship creates an independent basis for jurisdiction. For the reasons stated below the court concludes that the bankruptcy court should abstain from hearing the Adversary and directs that the Adversary be transferred to the United States District Court for the Northern District of Texas for determination of whether that Court has and should exercise diversity jurisdiction.

### A. The State Court Proceedings

Prior to filing a voluntary chapter 7 bankruptcy petition (discussed below), debtor Fort Worth Osteopathic Hospital, Inc. ("FWOH") operated a hospital in Fort Worth, Texas. In lieu of liability insurance, FWOH established a trust (the "Trust") pursuant to which the predecessor-in-interest of JPMorgan, as trustee, held certain funds in trust for FWOH's benefit for specific

purposes.[1] It is not in dispute that the Trust was depleted prior to the Petition Date (defined below), and the events leading to that point have been the subject of considerable litigation in the bankruptcy case.

Notwithstanding the fact that the Trust was emptied, FWOH was exposed to liability for medical malpractice claims, at least one of which, Plaintiff's, has been brought and reduced to judgment. Plaintiff's claims against FWOH for medical malpractice concern the death of Johnny Fisher and were the subject of a suit in state court. A judgment in favor of Plaintiff was entered in June of 2007 against FWOH in the 413th Judicial District Court in Johnson County, Texas in cause no. C200100173 by agreement of Plaintiff and the Trustee (as defined below).

On October 2, 2008, Plaintiff initiated the Adversary in state probate court and that suit was subsequently transferred to the 413th Judicial District Court in Johnson County, Texas (the "State Court") as cause no. C200800560.[2] The Adversary named JPMorgan, Glenn Milton, Jay Sandlin, Lucy Norris, RN, and Nancy Argo, RN, as defendants. It is not disputed that all the named defendants other than JPMorgan are residents of and domiciled in Texas.

**B. The Bankruptcy Case and Removal of the Adversary**

On February 11, 2005 (the "Petition Date"), FWOH filed its voluntary chapter 7 petition. Thereafter Shawn K. Brown was appointed as chapter 7 trustee (the "Trustee") in the underlying bankruptcy case (the "Bankruptcy Case").

On October 9, 2008, JPMorgan filed its *Notice of Removal* (the "Notice") with the clerk of this court removing the Adversary. The Notice effected removal of the Adversary pursuant to

---

[1] The court does not intend here to reach any conclusion concerning Plaintiff's rights *vis-à-vis* the Trust or FWOH's (or the Trustee's) rights to the *corpus* of the Trust.

[2] The lawsuit was originally filed under cause number P200017096 in Probate Court No. 2 of Johnson County, Texas and was transferred to the 413th Judicial District Court on October 3, 2008. The 413th Judicial District Court accepted the transfer on October 9, 2008.

"28 U.S.C. §§ 1334, 1441, 1452 and 1446 and Federal Bankuptcy Rule 9027. In the alternative, Defendant asserts that separate and independent federal court jurisdiction exists pursuant to 28 U.S.C. §§ 1332 and 1441." Notice at pp. 1-2. Some time following the removal, Plaintiff filed the Motion. In response to the Motion Defendant filed its *Response to Motion to Remand* (the "Response").

This court has had before it prior litigation concerning the issue of depletion of the Trust. One of the prior suits was between the Trustee and JPMorgan.[3] At least one of those prior adversary proceedings, initially at least, raised some of the same issues of substantive law as those posed by the Adversary.[4] Ultimately, the Trustee and JPMorgan agreed to a settlement of their dispute and that settlement was approved by order entered on January 23, 2009.[5]

## II. Discussion

JPMorgan has raised two alternative bases for federal jurisdiction, both of which have been challenged by Plaintiff. The court will first discuss the limits of this court's "related to" jurisdiction and then consider mandatory abstention followed by a discussion of permissive abstention. Finally, the court will discuss the alternative basis for jurisdiction.

### A. Related To Jurisdiction

---

[3] Adversary nos. 07-04016. Questions respecting depletion of the Trust were also raised in *Brown v. Adams, et al.*, Adversary no. 07-04015.

[4] Plaintiff at one point sought to intervene in the Trustee's adversary (*Brown v. JP Morgan Chase Bank, N.A.*, adversary no. 07-04016). The court allowed such intervention for limited purposes (see *Order on Motion to Intervene* filed at docket no. 55 in adversary 07-04016), but Plaintiff subsequently sought dismissal from that adversary which was accomplished by Plaintiff's *Notice of Dismissal of Intervention* filed at docket no. 73.

[5] The motion to compromise controversy was actually heard two times by the court because the Trustee and JPMorgan initially sought a court order that would dispose of rights of third parties, including Plaintiff. The court declined to approve the settlement by such an order. Ultimately the court approved the settlement by an order which was limited in its effect to the disposition of claims against JPMorgan that were or could have been brought by or through the Trustee.

A bankruptcy court is granted jurisdiction to hear core proceedings, matters arising under or in a case under title 11 of the United States Code. See 28 U.S.C. §§ 157(b) and 1334(b).[6] Bankruptcy courts are also granted authority to hear matters "related to" cases filed under title 11 of the United States Code. *Id*.[7] The issues raised in the Adversary are state law claims between non-debtors and, as such, do not fall within the jurisdictional grant respecting matters "arising in", or "arising under", or "core proceedings". Notwithstanding this, the court may consider "related to" actions between third party non-debtors under 28 U.S.C. § 1334(b) in appropriate circumstances. See *Edge Petroleum Operating Co. v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292 (5th Cir. 2007). For the purposes of "related to" jurisdiction, the bankruptcy court may exercise jurisdiction "if the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 fn. 6 (1995); *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and…in any way impacts upon the administration of the bankruptcy estate." *Feld v. Zale, Corp., (Matter of Zale Corp.)*, 62 F.3d 746, 752 (5th Cir. 1995). Even if the grant of jurisdiction in section 1334(b) is sufficient to include the Adversary, the court may be mandated to abstain from hearing the Adversary pursuant to 28 U.S.C. § 1334(c)(2) or alternatively may permissively abstain pursuant to 28 U.S.C. § 1334(c)(1).

---

[6] A bankruptcy court's jurisdiction, like that of all federal courts, is defined by statute. *Cadle Co. v. Pratt (In re Pratt)*, 2003 Bankr. LEXIS 1512, *3 (Bankr. N. D. Tex. 2003) citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, (1995) ("The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute.").

[7] The grant of jurisdiction is provided to the bankruptcy court by way of the District Court pursuant to 28 U.S.C. 157(a) and Misc. Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* entered on August 3, 1984 by the United States District Court for the Northern District of Texas.

Before considering abstention, the court questions whether it has jurisdiction under section 1334(b) at all. Having carefully reviewed the Adversary, the Motion and the Response, the court has serious doubt that "related to" jurisdiction exists in the Adversary, but it is not prepared at this time to conclude that there will be no *conceivable* affect on the administration of FWOH's estate. Notwithstanding, indeed due in part to the very tenuous nature of, any "related to" jurisdiction it may have, the court believes that it should abstain from hearing the Adversary. Further consideration of "related to" jurisdiction is not necessary, therefore, because even if it does, as JPMorgan insists, exist, the court concludes it ought not to exercise it.

**B. Mandatory Abstention**

Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2), which states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

11 U.S.C. 1334(c)(2).

Abstention by the bankruptcy court is thus mandatory (A) if the subject dispute (1) is a state law claim or cause of action; (2) is related to the underlying bankruptcy case but does not arise in that case or under the Bankruptcy Code; and (3) is not subject to federal jurisdiction but for section 1334(b); and (B) if the dispute is the subject of an action commenced in a state court and can be timely adjudicated there. The parties have argued over mandatory abstention principally in terms of whether the Adversary presents another basis for federal jurisdiction – diversity of citizenship. The court notes that there is an issue whether "an action is commenced . . . in a State forum" as well. While the Adversary was commenced in the State Court, a number

of courts have held that mandatory abstention is not appropriate where the suit in question has been removed and therefore is not pending in a state forum at the time abstention is sought. *See, e.g., Security Farms v. International Brd. of Teamsters*, 124 F. 3d 999, 1009 (9th Cir. 1997); *Broyles v. U.S. Gypsum*, 266 B.R. 778, 782 (E.D. Tex. 2001); *Thomas v. R.J. Reynolds Co.,* 259 B.R. 571, 576 (S.D. Miss. 2001); *In re Denton County Elec. Co-op., Inc.*, 281 B.R. 876, 880 (Bankr. N.D. Tex. 2002). But *see In re Southmark Corp.*, 163 F.3d 925, 929 (5th Cir. 1999).

The court, however, need not reach the question of whether mandatory abstention is called for in the case at bar. Because the court concludes that permissive abstention is clearly the correct result, whether mandatory abstention is proper is not of consequence.

**C. Permissive Abstention**

Under the doctrine of permissive abstention, "courts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law." *Gober v. Terra + Corp., (In re Gober)*, 100 F.3d 1195, 1206 (5th Cir. 1996) (citations omitted), as cited in *Barbee v. Colonial Healthcare Ctr., Inc.*, 2004 U.S. Dist. LEXIS 4868 (N.D. Tex. Mar. 22, 2004). The decision to abstain or not to abstain is committed to the discretion of the trial court. See *Id*., citing *Howe v. Vaughan (In re Howe)*, 913 F.2d 1138, 1143 at fn. 6 (5th Cir. 1990).

A laundry list of factors has been used by courts in this circuit to determine whether or not to permissively abstain.[8] However the court is not required to address each factor and,

---

[8] In the Response, JPMorgan first asserts that the Motion has been made out of time because it was filed "more than 100 days after the Notice of Removal was filed." Response at ¶ 14 p. 6. In support of denial of the Motion based on this assertion, JPMorgan points to 28 U.S.C. 1447(c) which limits the time in which a motion to remand can be asserted (for reasons other than subject matter jurisdiction) to 30 days following the filing of the notice of removal. The court notes that in the Motion "[Plaintiff] move[d] this Honorable Court to abstain and to remand the case to state court…" Motion at p. 2. Although the standard governing consideration of a motion to remand under 28 U.S.C. 1447(c) and a motion to abstain under 28 U.S.C. 1334(c) are similar, see *Patterson v. Morris*, 337 B.R. 82, 96-97 (E.D. La. 2006), the deadline to file a motion to abstain is governed by 28 U.S.C. 1334(c)(2) which states that any motion to abstain must be

moreover, in *Gober*,[9] the bankruptcy court gave no rationale for abstention and was nevertheless affirmed.

The twelve factors the court will look to when deciding whether to permissively abstain are as follows:

> (1) The effect or lack thereof on the efficient administration of the estate if a court recommends abstention;
> (2) The extent to which state law issues predominate over bankruptcy issues;
> (3) The difficulty or unsettled nature of the applicable state law;
> (4) The presence of a related proceeding commenced in state court or other nonbankruptcy court;
> (5) The jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> (6) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> (7) The substance rather than form of an asserted "core" proceeding;
> (8) The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> (9) The burden on the bankruptcy courts docket;
> (10) The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> (11) The existence of a right to a jury trial; and
> (12) The presence in the proceeding of nondebtor parties.

*Denton County Elec. Coop. v. Eldorado Ranch, Ltd. (In re Denton County Elec. Coop.)*, 281 B.R. 876, 881 (Bankr.N.D. Tex. 2002).

After considering the factors used in determining whether to permissively abstain, the court is of the opinion that is should, in fact, abstain from hearing the Adversary pursuant to 28 U.S.C. § 1334(c)(1). Neither FWOH nor the Trustee is a party to this Adversary. Though Defendant argues that the outcome of the Adversary might affect the total claims in the

---

made "timely." Additionally, Fed. R. Bankr. P. 9027(d) establishes no time limit for seeking remand of a removed action. Moreover, the time for removal under Rule 9027(a)(2) is considerably longer than is the time for removal under 28 U.S.C. § 1446(b) (and is subject to enlargement under Fed. R. Bankr. P. 9006(b)), raising questions for the court as to the appropriateness of applying the 30 day limit of 28 U.S.C. § 1447(c). Finally, the Motion is based on questions of jurisdiction and so is arguably timely under section 1447(c). Thus, for the purposes of the case at bar, the court considers the Motion timely.

[9] 100 F.3d at 1207.

underlying chapter 7 case, that is questionable, given the settlement between JPMorgan and the Trustee. Otherwise, the court does not anticipate that pursuit of the Adversary in the State Court will adversely affect case administration. The claims asserted by the Plaintiff are based solely on state law. The question of JPMorgan's liability to Plaintiff has been the subject of considerable dispute (without resolution) in this court, and the court is not satisfied that it is clear how the state courts would dispose of that issue. Even if there is diversity jurisdiction, that is only a factor that a court may consider in deciding whether to abstain. Further, Defendant's claim that there is diversity jurisdiction over the Adversary is hardly flawless – and it seems to the court that the mere diversity of citizenship of the parties provides less compelling support for retaining jurisdiction than would the existence of a federal question. There is no core jurisdiction asserted and the severability of the claims is not an issue because this is not a core matter. Further, Plaintiff *has* requested a jury trial in the State Court.

The above factors would, standing alone, support permissive abstention, but most telling is this Adversary's lack of relatedness to the main case. Plaintiff's claims against FWOH have already been liquidated and entered as a judgment.[10] As mentioned above, the Trustee has settled all claims as between JPMorgan and the estate. It is therefore questionable whether JPMorgan could assert against the estate any right to contribution or indemnification it may

---

[10] JPMorgan argues that the Adversary must be tried before this court because the Plaintiff's judgment states "IT IS ORDERED, ADJUDGED AND DECREED that this judgment may be enforced only in accordance with bankruptcy law, in Cause No. 05-41513-DML-7…". See Judgment at p. 1. The court reads this to mean that the Judgment may only be enforced against the Estate in the bankruptcy case. The court's reading appears to be supported by JPMorgan's statement in the Notice "[JPMorgan] is not a party to the Judgment, nor was it a party to the underlying litigation resulting in entry of the Judgment." See Notice at ¶ 18, p. 5.

claim respecting a recovery against it in the Adversary. All that remains are the claims of Plaintiff, a non-debtor, against non-debtor JPMorgan and the other non-debtor defendants.[11]

**D. Transfer to the District Court**

JPMorgan has also sought removal based on a claim of diversity jurisdiction. The bankruptcy court is not granted jurisdiction to consider matters as to which the authority of federal courts is grounded in diversity jurisdiction. *Cadle Co. v. Pratt (In re Pratt)*, 2003 Bankr. LEXIS 1512, *6 (Bankr. N.D. Tex. 2003); *Cataldi v. Olo Corp. (In re County Seat Stores, Inc.)*, 2007 Bankr. LEXIS 2163, *14-15 (Bankr. N.D. Tex. 2007). 28 U.S.C. § 1332's grant of jurisdiction extends only to the District Court; the District Court has no power, as exists under 28 U.S.C. § 157(a) for bankruptcy jurisdiction, to refer to the bankruptcy courts matters as to which jurisdiction exists by reason of diversity of citizenship.[12]

The court has concluded above that, even if it has jurisdiction under 28 U.S.C. § 1334(b), it ought not to exercise that jurisdiction but rather should abstain from considering the Adversary. Since section 1334(b) has been eliminated as a basis for federal jurisdiction, the only jurisdiction a federal court may exercise over the Adversary is diversity jurisdiction. As the court understands the Notice and the Response, JPMorgan removed the Adversary on the basis of 28 U.S.C. §§ 1441 and 1332 as well as pursuant to sections 1452 and 1334.[13]

---

[11]  None of the other non-debtor defendants has sought any relief in connection with the Adversary or even made an appearance.

[12]  Obviously, neither the reference to jurisdiction other than under section 1334 in 28 U.S.C. § 1334(c)(2) nor the consideration of other bases of federal jurisdiction in a determination of whether to permissively abstain constitutes a basis for this court to exercise jurisdiction over a matter where the court's authority is dependent on diversity jurisdiction.

[13]  The court notes that removal of the Adversary, despite the reference in 28 U.S.C. § 1452(a) to removal "to the district court," in accordance with local practice was directly to the clerk of the bankruptcy court. Because removal of a case under 28 U.S.C. § 1441 must be "to the district court of the United States for the district . . . where [the] action is pending," it is not clear that removal has actually been accomplished by Defendant under section 1441.

As discussed above, this court cannot exercise diversity jurisdiction. For the same reasons it cannot exercise diversity jurisdiction, this court is not competent to determine whether removal of the Adversary under sections 1441 and 1332 is proper.

For that reason this Adversary must be transferred to the United States District Court for the Northern District of Texas for disposition of the Motion respecting the existence of diversity jurisdiction.

### III. Conclusion

For the reasons stated above the court will permissively abstain from hearing this matter under its grant of jurisdiction pursuant to 28 U.S.C. § 1334(b). Additionally, the clerk of the court is directed to transmit this Adversary, the Motion and the Response to the clerk of the United States District Court for the Northern District of Texas for such proceedings respecting the Motion as that Court may determine to be appropriate.

It is so ORDERED.

### ### END OF MEMORANDUM OPINION ###